Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRAD JEX,<br><br>   Plaintiff,<br><br>v.<br><br>BENNETT LAW A PROFESSIONAL LIMITED LIABILITY COMPANY,<br><br>   Defendant. | **COMPLAINT**<br><br><br>2:10-cv-00655-DN<br><br>**JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

1

3.      Plaintiff, Brad Jex ("Plaintiff"), is a natural person residing in Utah County, Utah.

4.      Defendant, Bennett Law A Professional Limited Liability Company, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.      Defendant sent an initial letter to Plaintiff about the alleged debt, dated March 30, 2010.  (See Initial Dun Letter, attached hereto as Exhibit "A").

10.     The Initial Dun Letter gave the disclosures required by 15 USC § 1692g(a), but did not specify what effect, if any, a lawsuit would have on the rights outlined by such disclosures, should that lawsuit be filed within the 30-day dispute period.

11.     Without giving any further notice of any kind, Defendant filed and served a lawsuit against Plaintiff for the debt listed in the Initial Dun Letter.

12.     Plaintiff sent a dispute letter to Defendant in late April, 2010, and Defendant received the dispute letter before the expiration thirty-day period set out by the Initial Dun Letter. (See Dispute Letter, attached hereto as Exhibit "B").  Defendant received the dispute letter on

2

April 29, 2010, according to the certified mail database at http://www.usps.gov.

13.     Defendant has not provided validation of the debt, but has continued, after receipt of the validation request, to take actions to collect the alleged debt from Plaintiff, including filing a notice of appearance in the case against Plaintiff for non-payment of the alleged debt.

14.     Defendant provided Plaintiff with a Questionnaire requesting sensitive personal information.  (See Questionnaire, attached hereto as Exhibit "C").  This Questionnaire was included with the Summons and Complaint when the Summons and Complaint were served on Plaintiff for the lawsuit filed against him by Defendant on behalf of its client.

15.     The Questionnaire was not a document in the form of a court pleading, yet Defendant failed to disclose that the communication was from a debt collector, as required by 15 USC § 1692e(11).

16.     As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

17.     Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

18.     Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

19.     To the extent Defendant's actions, detailed in paragraphs 8-15, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

3

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20.   Plaintiff reincorporates by reference all of the preceding paragraphs.

21.   The preceding   paragraphs state a *prima facie* case for Plaintiff and against Defendant  for violations of the FDCPA, §§ 1692g(b) & 1692e(11).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages pursuant to 15 USC 1692k;

C.   Statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.   For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY


Dated this ⌊4th⌋ day of July, 2010.


**TRIGSTED LAW GROUP, P.C.**

Joshua Trigsted
*Attorney for the Plaintiff*


**PLAINTIFF'S ADDRESS**
Spanish Fork, UT